```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


   THIBODEAUX                                  CIVIL ACTION

   VERSUS                                      NO: 14-921

   AFRICK ET AL.                               SECTION: "J"(3)
```

### ORDER AND REASONS

Before the Court is an *amicus curiae* **Motion to Dismiss Pursuant to Rule 12(b)(6) (Rec. Doc. 14)** filed by United States of America and Plaintiff Charles Thibodeaux's opposition thereto. (Rec. Doc. 22) Having considered the motion and memoranda of counsel, the record, and the applicable law, the Court finds that the motion should be **GRANTED** for the reasons set forth more fully below.

### PROCEDURAL HISTORY AND BACKGROUND FACTS

This action arises out of Plaintiff's claims against four judicial officers, whom he alleges violated his constitutional rights while adjudicating a previous civil lawsuit. Specifically, in 2013, Plaintiff brought suit against Lester Tamashiro, an FBI

1

agent; Marvin Opotowsky, a former Assistant U.S. Attorney; Elizabeth DePaula, a U.S. Probation Officer; Patrick Williams, a Senior U.S. Probation Officer; Kerry P. Cuccia, Thibodeaux's former attorney; and the U.S. Department of Justice (DOJ), challenging his 1992-93 criminal prosecution and conviction and seeking damages. (12-2080, Rec. Doc. 36, p. 1) Defendants filed a motion to dismiss for failure to state a claim (12-2080, Rec. Doc. 30) in February 2013, which the District Court granted. (12-2080, Rec. Doc. 36)

In its opinion, the District Court construed Plaintiff's complaint as alleging a claim under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), which "affords a victim of unconstitutional conduct by a federal actor or agent a direct remedy under the U.S. Constitution." (12-2080, Rec. Doc. 36, p. 4) (quoting Abate v. S. Pac. Transp. Co., 993 F.2d 107, 110 (5th Cir. 1993)). The District Court held that Plaintiff failed to state a claim upon which relief could be granted and dismissed his action with prejudice pursuant to Fed. R. Civ P. 12(b)(6) because each of the claims was barred by either Heck, the one-year statute of limitations, or sovereign

immunity.[1] (12-2080, Rec. Doc. 36, p. 5-6) Plaintiff appealed (Rec. Docs. 40, 41, 42, 46, and 47), and the United States Court of Appeals for the Fifth Circuit affirmed the findings of the District Court for the reasons stated in the District Court opinion. (Rec. Doc. 53)

On April 22, 2014, Plaintiff filed suit against the judicial officers who presided over the 2013 suit described above–the District Court judge and each of three Fifth Circuit judges assigned to his panel. (14-921, Rec. Doc. 1) In his complaint, Plaintiff alleges that the judicial officers' opinions in the

---

[1] The District Court explained that under the rule of Heck v. Humphrey, 512 U.S. 477 (1994), a Bivens action based upon an invalid criminal conviction cannot proceed until the conviction is "reversed on direct appeal, expunged by executive order, declared invalid . . . or called into question by a federal court's issuance of a writ of habeas corpus." (12-2080, Rec. Doc. 36, p. 4) (quoting Whitehurst v. Jones, 278 F. App'x 362, 363 (5th Cir. 2008)). Additionally, a Bivens claim in Louisiana has a one-year statute of limitations, which period commences "when the aggrieved party has either knowledge of the violation or notice of facts in which the exercise of due diligence would have led to actual knowledge thereof." (12-2080, Rec. Doc. 36, p. 5) If the claim is Heck-barred, however, the one-year statute of limitations does not commence until "the underlying conviction is invalidated." (12-2080, Rec. Doc. 36, p. 5) Thus, the District Court held that those of Plaintiff's claims that, if successful, would necessarily imply the invalidation of his conviction were Heck-barred because the underlying conviction had not, in fact, been reversed, expunged, declared invalid, or called into question in a habeas proceeding. (12-2080, Rec. Doc. 36, p. 5-6) Alternatively, those of Plaintiff's claims that could not lead to the invalidation of his conviction were time-barred because Plaintiff filed his complaint in 2013, approximately twenty years after the facts giving rise to the claims occurred, rendering the complaint somewhere in the neighborhood of nineteen years late. Finally, the remaining claim against the DOJ failed because it was barred by sovereign immunity.

I omit discussion of what the District Court construed as Plaintiff's wrongful death action, as it does not seem that Plaintiff has reurged this cause of action before this Court. Thus, it is irrelevant to the instant motion.

2013 case violated the U.S. Constitution. Additionally, he reurges the allegations of the 2013 suit and challenges the validity of the 1992-93 conviction. Plaintiff does not seek monetary damages, but rather prays to have this Court reverse Defendants' rulings in Plaintiff's 2013 suit.[2] The court construes this request as one for injunctive relief.

On June 19, 2014, the United States of America filed an *amicus curiae* motion, seeking dismissal of Plaintiff's suit for failure to state a claim. (Rec. Doc. 14) Plaintiff filed an answer on June 24, 2014, in which he had the opportunity to respond to the United States of America's arguments.[3] (Rec. Doc. 22)

## PARTIES' ARGUMENTS

The United States of America urges the Court to dismiss Plaintiff's suit pursuant to Fed. R. Civ. P. 12(b)(6). The motion stresses that federal judicial officers enjoy absolute immunity from suits for monetary or injunctive relief when acting in their

---

[2] In his complaint, Plaintiff further prays to change the venue of the suit to the Southern District of Alabama. The Court does not address that prayer for relief here, because the Court already issued an order (Rec. Doc. 11) refusing a similar motion (Rec. Doc. 6) in this litigation.

[3] The Court therefore believes that Plaintiff has had sufficient notice of this Court's possible *sua sponte* dismissal of his claim under Fed. R. Civ. P. 12(b)(6) to render such dismissal fair. See Gaffney v. State Farm Fire & Cas. Co., 294 Fed. Appx. 975, 977 (2008)(requiring "fair" procedure-notice and an opportunity to respond-for *sua sponte* dismissal under Fed. R. Civ. P. 12(b)(6)).

judicial capacity. Moreover, this is immunity from suit and not merely from an assessment of damages. Because the Defendant judicial officers were acting in their judicial capacity when presiding over Plaintiff's 2013 suit, they are immune from suit. Thus, the United States asserts that Plaintiff has failed to state a claim upon which relief may be granted and, accordingly, asks this Court to dismiss Plaintiff's suit pursuant to Fed. R. Civ. P. 12(b)(6).

In his opposition, Plaintiff does not address the issue of immunity. Instead, he again asserts that the actions of Defendants violated the Constitution. He further reurges that the 1992-93 conviction "should . . . never have happened." In support, he instructs the Court to consider his Parole Certificate of 1954.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556

U.S. at 678. A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. <u>Lormand v. U.S. Unwired, Inc</u>., 565 F.3d 228, 232-33 (5th Cir. 2009); <u>Baker v. Putnal</u>, 75 F.3d 190, 196 (5th Cir. 1996). The court is not, however, bound to accept as true legal conclusions couched as factual allegations. <u>Iqbal</u>, 556 U.S. at 678.

Although *pro se* plaintiffs are held to less stringent standards than those represented by lawyers, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." <u>Taylor v. Books A Million, Inc.</u>, 296 F.3d 376, 378 (5th Cir. 2002). Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." <u>Dura Pharm., Inc. v. Broudo</u>, 544 U.S. 336, 346 (2005). The allegations "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

## DISCUSSION

Because Defendants were acting under color of federal law when Plaintiff alleges they violated his constitutional rights,

the Court construes Plaintiff's cause of action as a constitutional tort claim under Bivens, 403 U.S. at 393-97. A Bivens claim only provides a cause of action against federal officers acting in their individual capacity, however. A suit against a federal official in his or her official capacity is construed as a suit against the United States of America. See Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 71 (2001); Hafer v. Melo, 502 U.S. 21, 25 (1991)("[T]he real party in interest in an official-capacity suit is the governmental entity and not the named official . . . ."). Suits against the United States of America are barred under the doctrine of sovereign immunity unless consented to. See Corr. Servs. Corp., 534 U.S. at 71 (noting that it only entertained the possibility of allowing a Bivens suit against a federal agency because Congress had consented to suits against the agency). Plaintiff has not alleged, and this Court is unaware of, any such consent by the federal government to permit suits against it under Bivens for alleged constitutional violations by judges. Thus, this Court construes liberally the *pro se* Plaintiff's complaint as stating claims against Defendants in their individual capacity, and the Court will limit its analysis to such claims here.

It is well established that judges enjoy absolute judicial

immunity from suits for damages for all judicial acts except those undertaken with a "clear absence of all jurisdiction." Stump v. Sparkman, 435 U.S. 349, 356-57, 362 (1978). To determine whether an act is judicial for purposes of this analysis, courts look to "the nature of the act itself." Id. at 362. Specifically, courts look to the following four factors:

> (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity.

Ballard v. Wall, 413 F.3d 510, 515 (5th Cir. 2005). Courts broadly construe these factors in favor of immunity. Id. Here, Plaintiff complains of Defendants' procedures and ultimate conclusions in rendering opinions in his lawsuit. The record does not suggest that these acts took place anywhere other than Defendants' chambers or courtrooms. Plaintiff's experience with Defendants relates entirely to his lawsuit, which was pending before Defendants. Further, there is nothing in the record to suggest that Plaintiff expected that he was dealing with Defendants in anything but their judicial capacity. Clearly, the complained-of acts were judicial in nature. It is equally clear that Defendants did not perform these judicial acts in a "clear

absence of all jurisdiction," see Stump, 435 U.S. at 362, and Plaintiff has not so alleged. The Court therefore finds that Plaintiff has not shown any circumstance that would strip Defendants of their immunity.

More recently, courts have extended this absolute judicial immunity to Bivens suits for injunctive relief. See, e.g., Bolin v. Story, 225 F.3d 1234, 1242-43 (11th Cir. 2000); Mullis v. U.S. Bankr. Ct. for Dist. of Nev., 828 F.2d 1385, 1391-94 (9th Cir. 1987); Emerson v. United States, No. 12-884, 2012 WL 1802514, at *3 (E.D. La. Apr. 30, 2012); Boyd v. Vance, No. 09-7643, 2010 WL 235031, at *2 (E.D. La. Jan. 13, 2010); Wightman v. Jones, 809 F. Supp. 474, 479 (N.D. Tex. Dec. 7, 1992). In so doing, these courts have cited policy considerations as well as congressional amendments to Section 1983 law extending immunity against such claims to suits for injunctive relief in most circumstances. See, e.g., Wightman, 809 F. Supp. at 476-79. The Court is particularly persuaded by the following discussion of the policy reasons for extending immunity to Bivens suits for injunctive relief:

> There are strong policy considerations which argue in favor of judicial immunity from equitable relief in [the context of a Bivens suit.] Besides creating confusion and a multiplicity of litigation, providing an extra collateral attack on a federal judge's judicial acts would create an untenable situation whereby the orders, judgments, and determinations of a federal district judge, an appellate judge, and even a

9

> Supreme Court justice would be subject to review by and injunctive relief from federal district judges. Such a rule would in effect allow both "horizontal appeals" and even "reverse review" of federal court decisions. *Additionally, if a litigant did not agree with the determination of the federal district court which heard his Bivens action, he could simply file another Bivens action against that judge alleging violations of his federal civil rights, and so on ad infinitum.*

Id. at 479 (emphasis added)(citations and footnotes omitted). This excerpt perfectly describes what has occurred here. When Plaintiff was dissatisfied with the results of his 2013 Bivens suit, he filed the instant action against Defendant federal judges who adjudicated the 2013 suit. The Court declines to allow such a "horizontal" or "reverse" appeal. The Court therefore finds that Defendants are entitled to absolute judicial immunity in the instant Bivens suit for injunctive relief.[4] Thus, even accepting Plaintiff's facts as true and drawing all reasonable inferences in his favor, Plaintiff has failed to state a claim upon which relief can be granted.

Accordingly,

**IT IS HEREBY ORDERED** that the United States of America's *Motion to Dismiss* **(Rec. Doc. 14)** is **GRANTED.**

---

[4] Alternatively, the Court finds that "the injunctive relief that [Plaintiff] seeks is frivolous and, in some respects, ridiculous"; thus, the Court "will not grant the requested relief." See Collie v. Kendall, 220 F.3d 585 (5th Cir. 2000).

**IT IS FURTHER ORDERED** that all of Plaintiff's claims are **dismissed with prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's *Motion for Trial by Jury* **(Rec. Doc. 17)** is **DENIED as moot**.

New Orleans, Louisiana, this 30th day of July, 2014.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE